**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

TERRANCE WATSON,             )
                             )
        Plaintiff,         )
                             )
       v.               )       C.A. No. 24-966 (JLH)
                             )
ANDREAS BENJAMIN, *et al.*,    )
                             )
        Defendant.    )

**<u>MEMORANDUM OPINION</u>**

Terrance Watson, Howard R. Young Correctional Institution, Wilmington, Delaware – *Pro Se* Plaintiff

October 10, 2025
Wilmington, Delaware

**HALL, U.S. District Judge:**

## I.       INTRODUCTION

On August 21, 2024, Plaintiff Terrance Watson, who is presently incarcerated at Howard R. Young Correctional Institution (HRYCI) in Wilmington, Delaware, initiated this civil action *pro se* with the filing of a complaint.  (D.I. 2.)  Plaintiff has been granted leave to proceed *in forma pauperis*.  (D.I. 5.)  The Court proceeds to review and screen the first and second amended complaints (D.I. 9, 14), under 28 U.S.C. § 1915(e)(2)(b).

## II.      BACKGROUND

The first and second amended complaints raise civil rights violations, under 42 U.S.C. § 1983, for which Plaintiff seeks monetary damages and injunctive relief.  (D.I. 9 at 13.)  The following facts are taken from Plaintiff's pleadings and assumed to be true for purposes of screening the Complaint.  *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

On November 2, 2023, Defendant Andreas Benjamin was involved in Plaintiff being taken into custody for technical violations of the conditions of Plaintiff's release, including failure to attend appointments at the probation office and failure to provide urine samples.  (D.I. 9 at 6-7; D.I. 9-1.)  At the time, Plaintiff was at an addiction treatment center in Wilmington, Delaware. (D.I. 9-1.)  Plaintiff was receiving ongoing treatment for substance abuse, mental health conditions, and serious physical health conditions, including kidney cancer, seizures following brain surgery, and three hernias.  (*Id.*)  Plaintiff believes that being taken into custody constituted a violation of the Americans with Disabilities Act (ADA), given his serious medical conditions and ongoing treatment.  (*Id.*)  Plaintiff also believes that Defendant Jackson fabricated a report regarding Plaintiff's technical violations; Plaintiff maintains that he only missed appointments and

1

could not provide urine samples because of his medical conditions, which his doctors verified. (D.I. 9 at 7-8.)    Furthermore, Plaintiff believes that Defendant Benjamin committed Health Insurance Portability and Accountability Act (HIPAA) violations, and violations of Plaintiff's Fourth, Fifth, and Fourteenth  Amendment rights, by calling "Christiana Care Hospital to obtain information from Plaintiff['s] medical record that he did not have authorization to" obtain. (*Id.* at  6.)

On or about the same day, Plaintiff appeared before Defendant Tammy Jackson, who "served as the preliminary head hearing" in the parole board proceeding for the technical violations with which Plaintiff was charged.   (*Id.* at 7.)   During the hearing, Defendants Benjamin and Jackson allegedly violated Plaintiff's equal protection and due process rights by not providing Plaintiff "with copies of mandatory documentations[,] so [Plaintiff] could prepare [his] defense against the false allegations."  (*Id.* at 6.)  Defendant Jackson also allegedly violated Plaintiff's due process and equal protection rights by failing to put her findings in writing and by denying Plaintiff's requests to be represented by an attorney, to call witnesses, to testify on his own behalf, to receive a copy of Defendant Benjamin's written report, and to confront and cross examine his accuser, his own witnesses, and possibly also Defendant Jackson.  (*Id.* at 7.)

Plaintiff believes that members of the parole board, Defendants David Henderson, Dorothy Dillard, Herbert Konowitz, Steven Washington, and Margaret Henry, also violated Plaintiff's due process rights because they "did nothing to question [the preliminary hearing,] prevent it[,] or correct it" on appeal or otherwise.  (*Id.* at 8-9; *see also* D.I. 14 at 3-4.)  Additionally, the acting chairwoman of the parole board, who is unnamed in Plaintiff's pleadings, personally denied a request by Plaintiff to present documentary evidence.  (D.I. 9 at 8.)

2

Since entering custody, Plaintiff believes that his due process and Eighth Amendment rights have been violated by Defendant Jacqueline Martin, "the head medical physician at H.R.Y.C.I." for VitalCore, the medical services provider for the Delaware Department of Corrections (DDOC).  (*Id.* at 9.)  On May 13, 2024, Plaintiff had a seizure because medical staff did not administer medication as required for five days, and Plaintiff sustained injuries to his head, arms, shoulders, neck, and back during the seizure.  (*Id.* at 10.)  Additionally, while in custody, Plaintiff's kidney cancer and three hernias, one which is the "size of a cantalo[u]pe," have caused him daily pain, and he has not received treatment needed for his medical conditions.  (*Id.*)

Plaintiff's serious medical conditions have worsened during his time at HRYCI. (*See* D.I. 14.)  Since entering custody, on various occasions, most recently in April 2025, Plaintiff has submitted sick call slips that received no response, and Plaintiff has submitted medical grievances regarding his declining health that were rejected as duplicative.  (*Id.* at 1-2.)  For this, Plaintiff faults several Defendants whom Plaintiff has identified as the "head decision makers" for DDOC and VitalCore.  (*Id.* at 1.)  Plaintiff faults Defendant Martin, mentioned above, and Defendants Michael Records and Carolyn Ianni, the DDOC Bureau of Healthcare, Substance Abuse and Mental Health Services Chief and Medical Director, respectively.  (*Id.*)

## III.    SCREENING OF COMPLAINT

A federal court may properly dismiss an action sua sponte under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief."  *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions).  The Court must accept all factual allegations in

a complaint as true and take them in the light most favorable to a *pro se* plaintiff.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).  When a plaintiff proceeds *pro se*, the pleading is liberally construed, and the complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2)(B) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV.   DISCUSSION

All of Plaintiff's § 1983 claims seeking either to invalidate, or to demonstrate the invalidity of, the decision to revoke Plaintiff's release must be dismissed as a matter of law, without prejudice to initiating a separate action seeking habeas relief.  Plaintiff cannot seek injunctive relief, invalidating or altering a sentence imposed by the parole board, by way of a § 1983 action.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Furthermore, any § 1983 claim that, if successful, would necessarily demonstrate the invalidity of the parole board's decision, is also not cognizable

4

under *Heck* unless and until the board's decision has been invalidated.  *See Williams v. Consovoy*, 453 F.3d 173, 177 (3d Cir. 2006); *see generally Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that, where success in a § 1983 action would imply the invalidity of a conviction or sentence, a suit for damages or equitable relief is barred unless plaintiff can demonstrate that his conviction or sentence has been invalidated).  Accordingly, the only claims asserted against the probation and parole board Defendants in this case that pass screening are the procedural due process claims asserted against Defendant Jackson.  *See Morrissey v. Brewer*, 408 U.S. 471, 489 (1972) (setting forth the minimum requirements of constitutional due process in the parole revocation context); *see also Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (prisoners can challenge state parole procedures in action under § 1983 seeking declaratory and injunctive relief)

Second, all claims asserted against Defendant Martin must be dismissed.  "A defendant in a civil rights action must have personal involvement in the alleged wrongs to be liable." *Sutton v. Rasheed*, 323 F.3d 236, 249 (3d Cir. 2003), *as amended* (May 29, 2003) (internal marks omitted). A defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved."  *C.H. ex rel. Z.H. v. Oliva*, 226 F.3d 198, 201 (3d Cir. 2000).  The first and second amended complaints merely hold Defendant Martin, as VitalCore's head physician at HRYCI, responsible for Plaintiff's medical claims without specifying Defendant Martin's personal involvement.  Dismissal of claims against Defendant Martin will be without prejudice to filing a separate § 1983 action against any party personally involved in violations of Plaintiff's Eighth Amendment rights at HRYCI.

Third, all claims asserted against DDOC Defendants Records and Ianni must be dismissed. "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are

5

mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004). Relatedly, when "a prison grievance examiner becomes aware of potential mistreatment, the Eighth Amendment does not require him or her to do more than review the prisoner's complaints and verify with the medical officials that the prisoner was receiving treatment." *James v. Pa. Dep't of Corr.*, 230 F. App'x 195, 198 (3d Cir. 2007) (internal marks omitted). The first and second amended complaints do not suggest that Defendants Records and Ianni did less than what the Eighth Amendment required in Plaintiff's case.

V.    **CONCLUSION**

For the above reasons, the procedural due process claims asserted against Defendant Jackson in the first amended complaint (D.I. 9) will pass screening, and all other claims asserted in the first and second amended complaints (D.I. 9, 14) will be dismissed.

An appropriate Service Order will be entered.